**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4389

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW ZACHARY COLEMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cr-00104-KDB-DSC-1)

Submitted:  March 21, 2023                                    Decided:  April 20, 2023

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Eric J. Foster, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Zachary Coleman pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him to 210 months' imprisonment.  On appeal, Coleman claims that the court improperly dismissed his motion to proceed pro se and that his sentence is substantively unreasonable.  The Government contends that the district court properly dismissed Coleman's motion and seeks to enforce Coleman's appeal waiver with respect to his sentencing claim.  We affirm in part and dismiss in part.

We turn first to Coleman's challenge to the district court's dismissal of his motion to proceed pro se.  Although a criminal defendant has a Sixth Amendment right to represent himself at trial, *Faretta v. California*, 422 U.S. 806, 819-20 & n.15 (1975), his assertion of that right must be "(1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely."  *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021).  However, given that the right to counsel and the right to self-representation are in tension, "the right to counsel is preeminent and hence, the default position."  *United States v. Ductan*, 800 F.3d 642, 649 (4th Cir. 2015) (internal quotation marks omitted).  A court presumes that a "defendant should proceed with counsel *absent an unmistakable expression*" to the contrary by the defendant.  *Id.* at 650 (internal quotation marks omitted).  "[I]f a defendant first asserts his right to self-representation after trial has begun, the right may have been waived.  The decision at that point whether to allow the defendant to proceed *pro se* at all

2

. . . rests in the sound discretion of the trial court." *United States v. Singleton*, 107 F.3d 1091, 1099 (4th Cir. 1997).

Coleman first requested to proceed *pro se* in a motion filed months after signing his plea agreement and two days before sentencing. Thus, we review the district court's dismissal of Coleman's motion requesting to proceed *pro se* at that late stage for abuse of discretion. *See id.*; *accord Ziegler*, 1 F.4th at 222, 226.

We conclude that Coleman's attempt to assert his right to self-representation was untimely and therefore that the district court did not abuse its discretion is dismissing Coleman's motion. As noted, months after signing his plea agreement and two days before sentencing, Coleman gave his motion to prison officials for mailing. The district court had not yet received the motion by the time of Coleman's sentencing hearing, and Coleman did not raise the issue during allocution or prompt his attorney to do so. It is unclear when the court physically received Coleman's motion, but it was filed by the clerk the day after Coleman was sentenced. Accordingly, Coleman's motion was untimely, and the district court's dismissal was not an abuse of discretion. *See United States v. Hilton*, 701 F.3d 959, 965 (4th Cir. 2012) (concluding that district court did not abuse its discretion by denying motion to proceed pro se made during jury selection); *Singleton*, 107 F.3d at 1098-99 (deeming untimely a request for self-representation made after trial began).

Next, we review Coleman's challenge to his sentence and the Government's invocation of his appeal waiver. We review the validity of an appeal waiver de novo. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach

3

of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (internal quotation marks omitted).  Here, a review of the record reveals that Coleman's appeal waiver is valid and that his sentencing claim falls squarely within its scope.  Accordingly, we dismiss this portion of the appeal.

We therefore affirm in part and dismiss in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4